# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO FRANKLIN,

:

    Petitioner,                             Case No. 3:04-cv-187

:

  -vs-                                  Chief Magistrate Judge Michael R. Merz

WARDEN, MANSFIELD
  CORRECTIONAL INSTITUTION,

:

    Respondent.

---

**DECISION AND ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

---

       This capital habeas corpus case is before the Court on Petitioner's Motion for Summary Judgment (Doc. No. 56) and Warden Bradshaw's Cross-Motion for Summary Judgment (Doc. No. 65). Both seek summary judgment on Petitioner's Second Ground for Relief which asserts that "The trial court failed to conduct a competency hearing when Petitioner's behavior [during trial] required it."  (Petition, Doc. No. 21, at 17.)

       When not in conflict with the Rules Governing § 2254 Cases ("Habeas Rules"), the Federal Rules of Civil Procedure may be applied to habeas corpus proceedings. Habeas Rule 11. This Court has therefore applied Fed. R. Civ. P. 56 governing summary judgment practice to habeas corpus cases when appropriate. The Supreme Court has approved the use of summary judgment procedure in appropriate habeas corpus cases. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977); *Browder v. Director*, 434 U.S. 257, 266, n. 10 (1978).

The *Celotex* trilogy of cases (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)) stands for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. "On summary judgment, the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510. When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002).

Cross-motions for summary judgment are a useful mechanism for avoiding an unnecessary trial when both parties agree on the facts but disagree on which of them is entitled to judgment as a matter of law. However, when there is no agreement on the facts, cross-motions must be considered separately from one another.

> Cross-motions [for summary judgment] are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a

plenary trial and not on summary judgment.

*Rains v. Cascade Industries, Inc.*, 402 F.2d 241, 245 (3d Cir. 1968), quoted at Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2720 at 330.  The parties here appear to understand that this interpretation will be applied as neither party asserts the ultimate facts are undisputed.

Applying summary judgment standards in a habeas corpus case is made difficult by the fact that the federal court performs both an appellate function and a factfinding function; the latter is sometimes *de novo* and sometimes deferential to the prior court findings.  28 U.S.C. §2254(e) as adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") relevantly provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The parties seek summary judgment on Petitioner Second Ground For Relief which asserts that "The trial court failed to conduct a competency hearing when Petitioner's behavior [during trial] required it."  (Petition, Doc. No. 21, at 17.)

The standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402 (1960).

A person who is mentally incompetent may not be tried for a crime so long as the incompetence continues.  *Bishop v. United States*, 350 U.S. 961 (1956).  This fundamental right,

now protected by the Due Process Clause of the Fourteenth Amendment, has firm roots in the common law. *Drope v. Missouri*, 420 U.S. 162, 171 (1975), *citing* 4 Blackstone, Commentaries 24. To protect this right, a State must adopt and observe adequate procedures for determining whether a person is competent to stand trial. *Pate v. Robinson*, 383 U.S. 375 (1966). It is not unconstitutional to presume competence, as Ohio law does, and to place the burden of proving incompetence on a criminal defendant. *Medina v. California*, 505 U. S. 437 (1992). A determination of competence is a finding of fact. *Demosthenes v. Ball*, 495 U.S. 731, 735 (1990). It is therefore entitled to deference in habeas proceedings. *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), citing *Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

Whether a trial court should have conducted a competency hearing depends upon "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency." *Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir. 1981); *see also Spirko v. Anderson*, Case No. 3:95CV7209, 2000 U.S. Dist. LEXIS 13182 (N.D. Ohio 2000). Only if a court fails to grant such a hearing when presented with sufficient evidence of incompetence, is a defendant's constitutional right to due process violated. *Robinson*, 383 U.S. at 385-386; *Pate*, 637 F.2d at 1072; *United States v. Morgano*, 39 F.3d 1358, 1373 (7th Cir. 1994).

In the instant case the trial court conducted a competency hearing several months before trial at which it heard competing expert testimony and concluded Petitioner was competent to stand trial.[1]

---

[1] Petitioner contests this conclusion in his First Ground for Relief, but it is not at issue on the present Motions.

Petitioner now asserts that the testimony received before trial[2], his subsequent behavior during the trial, relevant testimony of Dr. Eugene Cherry and family members at trial on his mental illness symptoms, and reported observations of his trial attorneys and a courtroom deputy required the trial judge to conduct another in-trial competency hearing.  Petitioner relies on *Drope, supra.*, where the Supreme Court held that "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.  420 U.S. at 181.

      Petitioner contends that the facts of this case "so nearly mirror those in *Drope* that it is clear as a matter of law that a competency hearing was required."  (Petitioner's Motion, Doc. No. 56, at 12.)  It is here that the differing standards for eventual judgment on the merits and summary judgment come into play.  To rule in Petitioner's favor on the merits of his Second Ground for Relief, this Court must eventually find (giving whatever deference is due to whatever findings of fact, if any, the state courts made) that upon observing the facts the trial judge did, there is substantial doubt as to Petitioner's competency during trial.  On the other hand, to grant summary judgment, this Court must conclude now that no reasonable factfinder would fail to find, upon the facts before the trial judge, that there is substantial doubt as to Petitioner's competency during trial.  That is, the standard for directed verdict in favor of the Petitioner on this point – required to grant summary judgment -- is substantially higher than the ordinary burden of persuasion, applicable when the Court reaches the merits in the ordinary course.

      Respondent does not dispute that the trial record shows what Petitioner claims it shows –

---

[2]Mental health experts Eugene Cherry, Kim Stookey, and Thomas Martin testified at the competency hearing.  They reached variant conclusions on Petitioner's competency to stand trial.

bizarre behavior by Petitioner during trial, coupled with forensic and family testimony of mental illness symptoms and corroborating observations from the courtroom deputy and Petitioner's trial counsel. Despite that evidence, Respondent contends that she is entitled to summary judgment. She points first of all to the Ohio Supreme Court's decision on this question:

> In his third proposition of law, appellant contends that the trial court sua sponte should have reconsidered the issue of whether he was competent to stand trial. This argument lacks merit.
>
> The question of whether to hold a competency hearing after the commencement of trial is left to the court's discretion. *State v. Rahman* (1986), 23 Ohio St.3d 146, 156, 23 OBR 315, 492 N.E.2d 401. A defendant has a constitutional right to such a hearing only when there is sufficient "indicia of incompetence" to alert the court that an inquiry is needed to ensure a fair trial. *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433. Considerations in this regard might include supplemental medical reports, specific references by defense counsel to irrational behavior, and the defendant's demeanor during trial. See *State v. Chapin* (1981), 67 Ohio St.2d 437, 21 O.O.3d 273, 424 N.E.2d 317, paragraph one of the syllabus.
>
> Appellant points to psychologist Dr. Eugene Cherry's finding that appellant was a paranoid schizophrenic as an indication of his incompetency. However, this evidence did not need to be reconsidered because similar testimony had been presented at appellant's pretrial competency hearing. Furthermore, appellant argues that his erratic behavior at trial, which included belching loudly and interrupting the judge, further demonstrated his incompetency. Although these actions did indeed constitute strange behavior, they illustrated a pattern of rudeness rather than incompetency to stand trial. Therefore, the evidence upon which appellant relies does not shed any new light on appellant's ability to understand the proceedings, to interact with his counsel, or to assist in his defense. Consequently, we do not believe that the trial court abused its discretion by declining to revisit the competency issue. Appellant's third proposition of law is without merit.

*State v. Franklin*, 97 Ohio St.3d 1, 4-5, 776 N.E.2d 26 (2002).

Respondent argues that to prevail on Petitioner's own summary judgment motion or to defeat the cross-motion,

> Franklin must overcome the factual findings referenced above. The above findings conclusively demonstrate that the trial court was not required to hold a second competency hearing since Franklin failed to show any compelling evidence creating doubt regarding his competency. Moreover, the above facts demonstrate, as found by the Ohio Supreme Court, the evidence upon which Franklin relies does not shed any new light on appellant's ability to understand the proceedings, to interact with his counsel, or to assist in his defense.

(Respondent's Memorandum, Doc. No. 59, at 13.)

Under §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).

The law has traditionally distinguished between evidentiary facts and ultimate facts. *See The Evergreens v. Nunan*, 141 F.2d 927, 928 (2d Cir. 1944)(Learned Hand, J.). 28 U.S.C. §2254(e)(1) does not distinguish between these two kinds of finding of fact. Presumably, however, since the AEDPA was intended to strengthen deference to state court decisions, 2254(e)(1) requires deference to both kinds of state court fact finding. That was the standard prior to adoption of the AEDPA. See *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Marshall v. Lonberger*, 459 U.S. 422 (1983); *Sumner v. Mata,* 455 U.S. 591 (1982). Under the prior law, such findings included the contents of the state court record, explicit factual findings of the state court, and inferences fairly deducible from these facts. *Marshall, supra.* However, the presumption of correctness does not apply to "[s]o-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations." *Thompson v. Keohane*, 516 U.S. 99, 110 (1995).

-7-

In light of these standards, the Court note first of all that the trial judge made no explicit decision at all on whether a mid-trial competency hearing was required. That is, neither party moved for such a hearing and the trial judge did not expressly find that none was needed. In the Ohio Supreme Court there were two conclusions which might properly be called determinations of historical fact, to wit, that Dr. Cherry had testified that Petitioner was paranoid schizophrenic and that Petitioner had belched loudly and interrupted the trial judge when he desired to use the toilet. The Ohio Supreme Court did not advert to much of the record evidence which Petitioner relied on before that Court and continues to rely on here: the testimony of family members on mental illness symptoms, the courtroom deputy's shackling request[3], and most importantly defense counsel's comment on the ultimate issue.

Also, the Ohio Supreme Court did not purport to decide whether Petitioner had become incompetent during the course of trial. Indeed, that question was not before them. What they had to decide instead was whether the evidence of incompetency during trial was sufficient that it was error not to conduct a new competency hearing.

This Court concludes that is a mixed question of law and fact. That is, applying the standard adopted by the Supreme Court in *Drope, supra,* was the evidence such that the trial judge should have ordered a mid-trial hearing. The Ohio Supreme Court's conclusion that no such hearing was required thus is not entitled to the presumption of correctness in 28 U.S.C. §2254(e)(1).[4]

---

[3]As Petitioner notes, the Ohio Supreme Court did advert to the deputy's comments in discussing the shackling issue.

[4]Whether and to what extent it is entitled to deference under 28 U.S.C. § 2254(d)(1) or (2) is not a question presented by the instant Motions.

**Conclusion**

There is a genuine issue of material fact as to whether Petitioner was entitled to a mid-trial competency hearing. That is, while this Court will eventually decide on the merits of that question, it is not prepared to say that no rational factfinder could conclude that such a hearing had to be held. Moreover, the Ohio Supreme Court's determination that Petitioner was not entitled to a mid-trial competency hearing is not entitled to the presumption of correctness in 28 U.S.C. §2254(e)(1).

Therefore the cross-motions for summary judgment are denied.

July 27, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge
