# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO FRANKLIN,

    Petitioner,                 Case No. 3:04-cv-187

    -vs-                        Magistrate Judge Michael R. Merz

WARDEN, MANSFIELD
 CORRECTIONAL INSTITUTION,

    Respondent.

---

**DECISION AND ORDER DENYING SUBSTITUTION OF COUNSEL AND ADVISING OF WITNESSES TO BE SUBPOENAED FOR HEARING**

---

This capital habeas corpus case is before the Court on Petitioner's Motion for the Substitution of Counsel and Notice of Intent to File a Supplemental or Amended Motion for Certificate of Appealability (Doc. No. 121), filed by Petitioner *pro se*.

In his Motion, Petitioner adverts to his previous filing, on June 1, 2004, of a Motion for Substitution of Counsel (Doc. No. 23) which the Court denied, stating:

> First of all, Petitioner appears to believe he has a constitutional right to the appointment of counsel for this proceeding. That is not correct. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). There is no constitutional right to appointed counsel in habeas cases. *McCleskey v. Zant,* 499 U.S. 467, 111S. Ct.1454, 113 L. Ed. 2d 517 (1991). There is also no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). Of course, if there is no constitutional right to appointed counsel, there is no

> constitutional right to the effective assistance of counsel in a habeas corpus case.
>
> Put another way, Petitioner would not be entitled to habeas corpus relief if he could show at some future time that his counsel in this case had fallen below a minimum level of professional competence and he had been prejudiced thereby. Congress specifically provided in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"): "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Petitioner's right to counsel in this case is purely statutory. 21 U.S.C. §848(q).
>
> Secondly, Petitioner appears to believe that it would constitute ineffective assistance if his attorneys failed to plead exactly the grounds for relief he wished to have pleaded. That is not so. Attorneys are under an ethical obligation not to plead frivolous claims and to choose among claims which might be available those which have some chance of success. Given the professional stature of both counsel in this case and particularly attorney Shank's extensive experience with capital habeas corpus, the Court believes Petitioner can trust counsel to act in his best interests in this case.

(Decision and Order, Doc. No. 24, at 2-3.) The same observations made then remain true at this point, more than five years later. Petitioner has a statutory right to the appointment of counsel because he is under a sentence of death. He has been appointed not one, but two attorneys, both of whom are skilled in criminal defense. Ms. Shank had extensive capital habeas corpus experience when appointed and has since served on the American Bar Association's task force to review the Ohio death penalty. Mr. Fleisher is a very experienced criminal defense attorney, current President of the Dayton Chapter of the Federal Bar Association, and has been appointed to at least one additional capital habeas corpus case since his appointment in this case. Both are members of the Criminal Justice Act Plan special panel for death penalty cases. The fact that they have not achieved the result for which Petitioner hoped does not mean that they have failed to provide thoroughly

professional and zealous representation in this case.

As Petitioner notes, this Court has held, consistent with the Supreme Court's decision in *McKaskle, supra*, that there is no right to hybrid representation in which a litigant has a lawyer but also continues to file papers *pro se*. Petitioner always has the right to discharge his attorneys and proceed without counsel, but he does not have the right to choose to change attorneys or to file *pro se* so long as he has counsel. Petitioner's Motion for Substitution of Counsel is denied.

Petitioner indicates his intention to file a supplemental or amended motion for certificate of appealability. He may not do so *pro se*. Furthermore, counsel having filed two motions for such certificates, the Court ordered on May 7, 2009, that no further such motions could be filed.

Attorney Stephen Maher, who has recently entered his appearance as counsel for the Warden, has advised the Court of his intention to subpoena Linda Dillon, Megan Elswick, and James Drubert of the Montgomery County Common Pleas Court to be presented to assist in answering the questions the Court has noted for the oral argument on July 21, 2009. Counsel for the Petitioner should be prepared to examine these witnesses as necessary.

June 9, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge