# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO FRANKLIN,

        Petitioner,

        -vs-

WARDEN, MANSFIELD
 CORRECTIONAL INSTITUTION,

        Respondent.

:

Case No. 3:04-cv-187

:

Magistrate Judge Michael R. Merz

:

## DECISION AND ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT PROVISIONALLY AND FINDING MOTIONS FOR CERTIFICATE OF APPEALABILITY MOOT

This capital habeas corpus case came on for hearing on July 22, 2009, on Petitioner's Motion for Relief from Judgment (Doc. No. 106). At the hearing, Petitioner presented newly made copies of the videotape record of the trial.[1] These copies have been recently made from the archival originals in the custody of the Montgomery County Common Pleas Court and certified as accurate copies by the person who is presently assigned as the video recording operator for the courtroom in which this case was tried and who has held that position continuously since August, 1999.

Judgment was entered in this case on March 10, 2009 (Doc. Nos. 104, 105). On April 8, 2009, Petitioner filed both the instant Motion and a Notice of Appeal from the final judgment (Doc. Nos. 106, 107). Because the case was referred pursuant to 28 U.S.C. § 636(c), the Magistrate Judge

---

[1]At the Warden's request, copies of the remaining videotapes of proceedings in the case will be made by the Montgomery County Common Pleas Court and furnished to this Court.

has authority to decide the instant Motion.

The Notice of Appeal divests this Court of jurisdiction and vests federal court jurisdiction in the United States Court of Appeals for the Sixth Circuit until that court relinquishes jurisdiction by issuing its mandate. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). In *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), the court applied this rule in a capital habeas corpus case and recognized, in accordance with its decision in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), that the proper procedure for a post-appeal motion for relief from judgment is to file the motion in the district court. That court should then enter a provisional order granting or denying the motion for relief and notify the Court of Appeals which may then remand the case for actual decision of the motion. *Post* makes clear that the Court of Appeals is not bound by the District Court's provisional decision, but retains jurisdiction under *Alexander*.

In part, this Court's Decision and Order denying the Petition and the resulting Judgment (Doc. Nos. 104, 105) rest on the Court's observation that the copies of the videotapes with which it was furnished as of the time of the decision on the merits were partially unviewable. Petitioner's counsel were understandably surprised by this, since the copies they have, as well as the copies possessed by Respondent's counsel, do not suffer from this defect.

The Court has now reviewed some portions of the new videotape copies which record portions of the state court proceedings which the Court found unviewable in the old copies and finds those portions of the new copies to be significantly more viewable. It is this Court's opinion that it would be wrong to refuse to reopen a judgment which is based in part on unviewable videotape when more accurate copies are available and the fact that the more accurate copies were not substituted

before judgment was the result of the collective mistake of the Court and counsel in believing that the old copies were as good as were available. The Court is not saying that substituting the new copies will change the result in the case, but merely that the Court's judgment should be based on the evidence actually submitted, rather than an unviewable copy of part of that evidence.

Accordingly, if the case were remanded for that purpose by the Sixth Circuit, this Court would vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1) and reconsider its decision to deny the Petition on the basis of the newly-made copies.

Anticipating that the Court of Appeals will grant Petitioner's expected motion to remand, the Court finds that the pending Motions for Certificate of Appealability (Doc. Nos. 110, 114) to be moot since they relate to a judgment the Court expects to vacate.

July 22, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge