# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,   :   Case No. 3:04-cv-187

  - vs -

                                               Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.    :

## DECISION AND ORDER DENYING MOTION TO RESCIND CONSENT

This capital habeas corpus case is before the Court on Petitioner's *pro se* Motion to Rescend [sic] Consent to Jurisdiction of Magistrate Judge (Doc. No. 144).

This case was assigned to District Judge Sandra Beckwith when initially filed and referred to the undersigned automatically under Judge Beckwith's General Order for referral of capital habeas corpus cases under 28 U.S.C. § 636(b).  On June 2, 2004, noting the unanimous consent of the parties, Judge Beckwith referred the case under 28 U.S.C. 636(c) for all further proceedings, including the entry of judgment (Doc. No. 26).  Franklin correctly notes that in the instant Motion that consent must be unanimous for a magistrate judge to exercise plenary jurisdiction under 28 U.S.C. § 636(c), but he does not dispute that at sometime prior to Judge Beckwith's Order of Reference, consent was unanimously given.  Instead, he says that he is now operating *pro se*, does not now agree to this arrangement, and seeks to have it reversed (Motion, Doc. No. 144, PageID 2131).

There is no absolute right to withdraw consent to plenary magistrate judge jurisdiction.

1

*Dixon v. Ylst*, 990 F.2d 478, 480 (9th cir. 1993), citing *Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55, 58 (2d Cir. 1984); *Carter v. Sea-Land Services,* 816 F.2d 1018, 1020 (5th Cir. 1987). Under 28 U.S.C. § 636(c)(4), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this section." The Sixth Circuit has held that withdrawal must be under extraordinary circumstances. *Moses v. Sterling Commerce*, 122 Fed. Appx. 177, *; 2005 U.S. App. LEXIS 19 (6th Cir. Jan. 3, 2005).

Franklin has not shown any extraordinary circumstances. Instead, he merely says he wants to "change the arrangement." This case is now pending before the United States Supreme Court on a petition for writ of certiorari and has been pending in the federal courts for more than nine years. The age of the case alone cautions against a transfer of judges without cause. Franklin has not attempted to show any basis for the Magistrate Judge to recuse himself from further involvement in the case when jurisdiction is eventually returned to this Court.

The Motion to Rescend [sic] is DENIED.

March 18, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge