# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,  :        Case No. 3:04-cv-187

- vs -

                                      Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.  :

## DECISION AND ORDER DENYING COUNSELED MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner Antonio Franklin's Counseled[1] Motion for Reconsideration (Doc. No. 187) of the Court's earlier Decision and Order Denying Counseled Motion for Relief from Judgment ("Decision") (Doc. No. 182). Respondent opposes Franklin's motion (Doc. No. 188), and Franklin has replied to Respondent's arguments (Doc. No. 193). Oral arguments of the parties were had on December 11, 2014 (Doc. No. 201).

**Procedural History**

Franklin was indicted for the aggravated murders of his grandmother, grandfather, and uncle. A Montgomery County trial jury convicted him and recommended the death sentence, which Judge James Gilvary imposed. The convictions and sentence were affirmed by the Ohio Supreme Court on direct appeal. *State v. Franklin*, 97 Ohio St. 3d 1, 2002-Ohio-5304 (2002).

---

[1] As distinguished from Franklin's *pro se* Motion for Reconsideration (Doc. No. 189), denied at Decision and Order (Doc. No. 200).

1

Upon notice of his intent to seek habeas relief, this Court appointed counsel who filed the Petition on June 1, 2004, seeking relief on fifty-one grounds. (Doc. No. 21.) The Court denied habeas relief, *Franklin v. Bradshaw*, 2009 WL 649581 (S.D. Ohio Mar. 9, 2009) (copy at Doc. No. 104). This Court granted a Certificate of Appealability on nine grounds for relief, including Ground Fourteen, which was the subject of Franklin's subsequently filed Motion for Relief From Judgment under Fed. R. Civ. P. 60(b), and the Sixth Circuit Court of Appeals affirmed the dismissal, *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2012). Franklin now seeks reconsideration of his 60(b) motion, arguing that his fourteenth claim alleging ineffective assistance of trial counsel has never been decided on its merits because the post-conviction court refused to credit the affidavits appended to Franklin's post-conviction petition. In addition, he contends that his post-conviction counsel were ineffective in failing to present all available evidence to support his ineffective assistance of trial counsel claim, citing *Trevino v. Thaler*, ___ U.S. ___ , 133 S.Ct. 1911 (2013). (Doc. No. 187, PageID 11685.)

**Analysis**

There is no requirement in Ohio that all ineffective assistance of trial counsel claims be brought exclusively on direct appeal or exclusively in post-conviction proceedings. Instead, trial counsel errors that are apparent on the trial court record must be brought on direct appeal, and trial counsel errors that rely on evidence outside the trial court record must be brought in post-conviction. Theoretically, there should be no overlap between the claims brought on direct appeal and those brought in post-conviction unless new evidence that could not have been discovered prior to or during the trial is brought to light between the two proceedings. Reality, however, is not so tidy.

2

In Franklin's case, his ineffective assistance of trial counsel claim was brought on direct appeal, and, with additional support in the way of affidavits, in post-conviction as well.[2]  On direct appeal, Franklin presented his claim that his trial counsel were ineffective for failing to request a second competency hearing in the midst of his trial to the Ohio Supreme Court.  That court concluded:  "Appellant next contends that his counsel acted ineffectively by failing to request a second competency hearing.  However, we have found in our discussion of appellant's third proposition of law that no such hearing was warranted. . . .  This argument is not supported by the record."  *State v. Franklin*, 97 Ohio St. 3d 1, 11, 2002-Ohio-5304, ¶41 (2002).  That is a merits decision.

Franklin also presented his claim to the state court in the seventh ground for relief in his post-conviction petition (Doc. No. 185-9, PageID 5037-39), but the trial court addressed the claim in its discussion of his third ground for relief as follows:

> As for any suggestion that counsel was [sic] ineffective for not requesting another competency hearing, it to [sic] fails.  Trial counsel effectively and properly plead [sic] the theory of not guilty by reason of insanity.  Counsel followed that with a request to determine whether Franklin was competent to stand trial.  After being found competent to stand trial, Franklin displayed behavior at trial which has been described as anything from incompetency to bad manners.  This behavior, as well as any other outburst, is noted on the record.  Whether that behavior, in the face of the observations made by the trial court and the testimony of Dr. Martin, should have signaled to the trial attorney that another competency hearing was called for is a matter for appeal.  No

---

[2] In its Decision, this Court construed Franklin's appellate counsel's presentation of the claim to the state supreme court on direct appeal as a "represent[ation] to that court that the claim could be decided on the appellate record."  (Doc. No. 182, PageID 2696.)  The Court regrets that characterization of Franklin's presenting his ineffective assistance of trial counsel  claim on direct appeal, but it has no impact on the ultimate outcome of Franklin's claim.
  The Court further stated that Franklin first presented his ineffective assistance of trial counsel claim on direct appeal and then, having lost there, presented it to the post-conviction court.  (Doc. No. 182, PageID 2694.)  Actually, Franklin filed his post-conviction petition on August 9, 1999, and only later filed his direct appeal on October 27, 1999.  Furthermore, the post-conviction petition was denied on August 23, 2001, before the direct appeal was decided against Franklin on October 16, 2002.  Thus, instead of having two consecutive bites at the apple, Franklin's were more or less simultaneous, removing from the Court's earlier statement any implication that Franklin might have been gaming the system.

> evidence outside the record is admitted which supports a claim that counsel had a duty to request a new competency hearing, much less that counsel breached that duty to the prejudice of his [sic] client.

(Decision, Order, and Entry Sustaining Plaintiff-Respondent's Motion for Summary Judgment, Doc. No. 185-13, PageID 6219-20.)  By observing that Franklin's peculiar behavior was contained within the trial record and stating that the claim was a matter for appeal, the post-conviction court was, without using the Latin words, invoking the doctrine of *res judicata*.  Thus, the post-conviction trial court found the claim procedurally defaulted.  Furthermore and with less discussion, the post-conviction trial court found the majority of Franklin's seventh ground for relief, including his claim that his trial counsel were ineffective for not requesting a second competency hearing, barred by the doctrine of *res judicata*.  (Doc. No. 185-13, PageID 6213.)

On appeal to the state court of appeals, Franklin claimed the post-conviction trial court's decision respecting his ineffective assistance of trial counsel claim was error, but the state court denied the claim as follows:

> Franklin also argues that his trial counsel were ineffective in failing to request a new competency hearing during the trial.  We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668.  Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. *See id.* at 2064-65.  To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *See id.* at 2064.  Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *See id.* at 2065.
>
> We cannot find that Franklin's attorneys fell below an objective standard of reasonableness in not requesting a new competency

> hearing during trial. They had already argued Franklin's incompetency to the trial court and lost. With no reason to believe they would be successful on a second attempt, it was a reasonable tactical decision to refrain from requesting a new hearing. Furthermore, as we have no reason to believe that the result would have been different had they done so, Franklin has failed to establish that he was prejudiced. Therefore, we find that the trial court did not err in dismissing this claim without a hearing.

*State v. Franklin*, 2002-Ohio-2370, 2002 WL 1000415, ¶¶ 19-20 (Ohio Ct. App. 2nd Dist. May 17, 2002). That is a decision on the merits of Franklin's ineffective assistance of trial counsel claim. As noted above, the post-conviction trial court found the claim procedurally defaulted, but the court of appeals eschewed the procedural findings of the lower court and ruled on the claim's merits. Accordingly, the trial court's finding of procedural default has no impact on the final outcome of the claim here as this Court must look to the last reasoned opinion in considering whether a claim has been procedurally defaulted. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). In addressing the claim's merits, the state appellate court resurrected Franklin's claim from procedural default. The Ohio Supreme court declined further appeal. *State v. Franklin*, 98 Ohio St. 3d 1422 (2003).

Franklin then brought his claim to the federal court. This Court, in denying his claim found as follows:

> In his fourteenth ground for relief, Franklin argues that his counsel were ineffective when they failed to request a second competency hearing in response to his peculiar behavior during his trial. (Petition, Doc. No. 21 at 25.) This Court addressed and denied the underlying claim which Franklin raised in his second ground for relief, supra. There being no merit to the underlying claim, there can be none to the claim of ineffective assistance of trial counsel, either. Accordingly, Franklin's fourteenth ground for relief is denied.

(Decision and Order, Doc. No. 104 at PageID 1560-61.) Franklin's claim was decided on the merits, with no mention of procedural default.

5

Finally, the Sixth Circuit Court of Appeals also considered Franklin's claim. It held as follows:

> Franklin argues that trial counsel were ineffective in the guilt phase in failing to request another competency hearing. The district court denied this claim because, there being no merit to the underlying claim (trial-court error in not *sua sponte* ordering another hearing), there could be no merit to this claim either. We agree.
>
> To establish trial counsel's ineffectiveness, petitioner must show: (1) that counsel's performance was deficient, i.e., objectively unreasonable under prevailing professional norms; and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). Prejudice exists if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 694.
>
> Because this claim was raised on direct appeal and Franklin abandoned the post-conviction version of the claim, *see Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998),[3] he can only rely on the record evidence that was before the Ohio Supreme Court on direct appeal. Based on this evidence and the presumptions attendant to the state supreme court's findings, Franklin was competent. There was no reason to hold a second competency hearing. It causes no prejudice not to raise an argument that would have lost anyway. Hence, counsel caused Franklin no prejudice when they did not request another competency hearing. The Ohio Supreme Court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, was not based on an unreasonable determination of the facts in light of the evidence presented, and was not clearly erroneous. Franklin fails to demonstrate prejudice.

*Franklin v. Bradshaw*, 695 F.3d 439, 451-52 (6th Cir. 2012). Once again, the decision was on the merits of Franklin's claim. This Court concluded as much in its initial response to Franklin's motion for reconsideration. (Doc. No. 182 at PageID 2689.)

---

[3] The Sixth Circuit's use of the word "abandoned" and its citation to *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998) (observing that "[i]ssues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal, *citing Eneertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996), is somewhat perplexing since Franklin presented the claim in the post-conviction trial court and the intermediate court of appeals, as noted above.. In any case, the Sixth Circuit did not find the claim procedurally defaulted and rendered its decision on the merits of the claim, just as had the state court of appeals on direct appeal and in post-conviction.

The highest state courts to consider Franklin's ineffective assistance of trial counsel claim decided it on the merits both on direct appeal and in his post-conviction proceedings. So if post-conviction counsel were ineffective in not presenting all available evidence to the state court, and the Court is not saying they were, there is no procedural default of the underlying ineffective assistance of trial counsel claim to excuse via *Martinez* and *Trevino*, assuming they even apply in Ohio. *See McGuire v. Warden*, 738 F.3d 741, 752 (6th Cir. 2013)(stating that "the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable"). Franklin is left with a simple claim that his post-conviction counsel were ineffective in failing to present all available evidence to support his ineffective assistance of trial counsel claim in his post-conviction proceedings, which is a claim that is not cognizable in habeas corpus. There is no constitutional right to an attorney in post-conviction proceedings, and therefore no right to effective assistance of counsel in such proceedings. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Neither *Martinez* nor *Trevino* changed that. *Martinez*, ___ U.S. ___, ___, 132 S.Ct. at 1315 (2012); *Trevino*, ___ U.S. ___, ___, 133 S.Ct. at 1918. And with no procedural default of the underlying ineffective assistance of trial counsel claim to excuse, the effectiveness or ineffectiveness of Franklin's post-conviction counsel becomes irrelevant in his federal habeas corpus proceedings.

Franklin contends his ineffective assistance of trial counsel claim was never "fully litigated" because when it was presented to the state courts, it lacked all the evidence necessary for a meaningful review of the claim. (Doc. No. 187 at PageID 11686.) Franklin appended certain documents to his state post-conviction petition to support his claim that trial counsel were ineffective for not requesting a second competency hearing. Those documents consisted of the following:

1. The affidavit of attorney Joann Jolstad (Doc. No. 185-9, PageID 5090-91), who averred that Franklin's trial counsel should have requested a second competency hearing, relying on Item 2, below;

2. The affidavit of Dr. Sharon Pearson (Doc. No. 185-9, PageID 5100-23), a psychologist who performed a psychological evaluation of Franklin in preparation for post-conviction;

3. The affidavit of attorney Lawrence Henke (Doc. No. 185-9, PageID 5161-63), Franklin's trial counsel; and

4. The affidavit of attorney John Cumming (Doc. No. 185-11, PageID 5528-30), co-counsel at Franklin's trial.

The state court of appeals in post-conviction, unlike the trial court before, did not discount or express an intention to disregard the affidavits Franklin submitted to support his claim. Nothing in that court's decision suggests that the court did so, nor has Franklin provided any reason to think the court ignored the affidavits. "*Martinez* does not apply to claims that were fully adjudicated on the merits by the state . . . [post-conviction] court because those claims are, by definition, not procedurally defaulted." *Escamilla v. Stephens*, 749 F.3d 380, 394 (5th Cir. 2014), *citing Moore v. Mitchell*, 708 F.3d 760, 784-85 (6th Cir. 2013). Thus, Franklin's argument that his claim was never "fully litigated" because no court had considered all the evidence is unavailing.

In the course of Franklin's habeas corpus proceedings here, a two-day evidentiary hearing was held, in which the following witnesses were called to testify on Franklin's behalf:

1. Psychologist Dr. Eugene Cherry,

2. Clinical psychologist Dr. Sharon Pearson,

3. Franklin's trial counsel Larry Henke, and

4. Franklin's trial co-counsel John Cumming.

(Doc. No. 86.) At that time, Franklin's current counsel presumably presented all the evidence of Franklin's incompetence at trial he contends his post-conviction counsel should have included in

8

the appendix to his state petition. This Court denied Franklin's petition for habeas corpus relief on March 9, 2009 (Doc. No. 104), well before the Supreme Court handed down *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011)[4](generally limiting the evidence a federal habeas court may consider pursuant to 28 U.S.C. § 2254(d)(1) to the evidence that was before the state court at the time it rendered its decision). Given that fact, this Court considered all the evidence gleaned from the state court record (direct appeal and post-conviction) as well as the evidence presented at the evidentiary hearing in these proceedings when rendering its decision on Franklin's claim that he was incompetent to stand trial, that he should have had a second competency hearing, and that his trial counsel were ineffective for not requesting a second hearing. (*See* Decision and Order Granting in Part and Denying in Part Petitioner's Motion to Expand the Record, Doc. No. 88, Page ID 1352 (stating that "the Court allowed the evidentiary hearing with all the testimony Petitioner sought to introduce)).

In oral argument, Franklin acknowledged that he "has new facts to offer . . . [n]ot new facts that weren't around at the time that he filed his habeas petition, but new facts that you and the Sixth Circuit weren't able to consider at the time of the petition" because of *Pinholster*. (Transcript, Doc. No. 201, PageID 11822). It is true that the Sixth Circuit was limited to the record before the state court on those matters since its opinion was rendered more than a year after *Pinholster* had been decided in the Supreme Court.[5] Nevertheless, it is also a fact that this Court, pre-*Pinholster*, considered the evidence Franklin argues is a game changer respecting his claim of ineffective assistance of trial counsel, and found it lacking under *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, even if his claim of ineffectiveness were procedurally defaulted and the Court were to assume that *Martinez* and *Trevino* apply in Ohio,

---

[4] *Pinholster* was decided on April 4, 2011.
[5] The Sixth Circuit's opinion in Franklin's case was filed on September 19, 2012.

Franklin's claim would still fail.

In oral argument on Franklin's motion for reconsideration, his current counsel contended that should he prevail on his motion, a return to the state court to present the evidence already presented in his evidentiary hearing here would be unnecessary. (Transcript, Doc. No. 201, PageID 11812-13.) Instead, counsel argued, *Martinez* is effectively an exception to the rule of *Pinholster*, citing a concurrence in a denial of certiorari in *Gallow v. Cooper*, 133 S.Ct. 2730-31 (2013). In that case, the petitioner's trial counsel admitted that he was suffering from panic attacks and was related to the victim in the case, and acknowledged that he provided ineffective assistance to Gallow at trial.[6] His post-conviction counsel failed to submit evidence subject to cross-examination to support the ineffective assistance of trial counsel claim. *Id*.; *Gallow v. Cooper*, 505 Fed. Appx. 285, 291 (5th Cir. 2012)(per curiam).[7] Justice Breyer, joined by Justice Sotomayor, wrote to express his belief that the lower court's finding that Gallow received a merits decision on his claim in the state court was questionable, and likened an insufficiently supported claim to "no claim at all." *Gallow*, 133 S.Ct. at 2731. Justice Breyer offered that under such circumstances, there might be "a strong argument that the state habeas counsel's ineffective assistance results in a procedural default of that claim," and suggested that "the Fifth Circuit should not necessarily have found that it could not consider the affidavit and testimony supporting Gallow's claim because of *Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S.Ct. 1388 (2011)." *Id*. (parallel citations omitted). The Supreme Court "has rigorously insisted that [a denial of certiorari] carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review." *Maryland v. Baltimore Radio Show*, 338 U.S.

---

[6] Gallow's attorney was later disbarred. 133 S.Ct. 2731.
[7] The Fifth Circuit concluded in Gallow's case that his claim had been decided on the merits and that there was no need for the court to address Gallow's arguments based on *Martinez* as there was no default of his ineffective assistance of trial counsel claim in the state court. 505 Fed. Appx. 285, 291.

912, 919 (1950).  Similarly, brief comments from two justices musing over the denial of a petition for writ of certiorari is nugatory, as well.  Franklin's further reliance on *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (Transcript, Doc. No. 201, PageID 11814), adds little to the conversation, as the court there relied upon Justice Breyer's *Gallow* statement, too.  *Id*. at 1246.

Argument similar to that put forth by Franklin here was also made by a petitioner seeking a certificate of appealability in the Fifth Circuit Court of Appeals.  In *Newbury v. Stephens*, 756 F.3d 850 (2014), the court summarized the relevant part of the petitioner's argument as follows:

> In his reply brief, Newbury argues that because the state court did not have all of the evidence before it when it ruled on his IATC claim, due to ineffective state habeas counsel, he has not had a full and fair determination of the merits of his claim in state court, and that is why *Martinez* applies.  He contends that the equitable rule created by *Martinez* and *Trevino* affords relief from the legal ruling in *Pinholster*.

*Id*. at 870.  The Fifth Circuit reasoned as follows:

> Under *Martinez*, in order for the federal court to consider the evidence Newbury presented for the first time in federal court, Newbury must show that (1) his state habeas counsel was ineffective in failing to present that evidence to the state habeas court, and (2) his underlying claims of ineffective assistance of trial counsel are "substantial," meaning that he "must demonstrate that the claim[s] ha[ve] some merit."  *Martinez*, 132 S.Ct. at 1318.  To establish ineffective assistance of state habeas counsel, Newbury must show both that habeas counsel's performance – in failing to present to the state habeas court the evidence that he presented for the first time in federal court – was deficient and that he was prejudiced by the deficient performance – that is , that there is a reasonable probability that he would have been granted state habeas relief had the evidence been presented in the state habeas proceedings.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Martinez*, 132 S.Ct. at 1318 (suggesting that the *Strickland* standard applies in assessing whether habeas counsel was ineffective).
>
> Even if a petitioner makes both of the showings required under *Martinez*, that "does not entitle [him] to habeas relief.  It merely allows a federal court to consider the merits of a claim that

11

> otherwise would have been procedurally defaulted." *Martinez*, 132 S.Ct. at 1320. As we have set out in detail in this opinion, the district court thoroughly and carefully considered all of the evidence that Newbury presented, including the evidence presented for the first time in federal court, and held that Newbury's IATC claim lacks merit because he can demonstrate neither deficient performance nor prejudice under *Strickland*. Because Newbury has already received all of the relief available to him under the authority of *Martinez* and *Trevino*, that is, review of the merits by the federal court, it is not necessary for us to remand the case for the district court to determine whether Newbury's state habeas counsel was ineffective or whether his IATC claim has "some merit" under *Martinez*.

*Newbury*, 756 F.3d at 872-73 (parallel citations omitted).

Like Newbury, Franklin has already received all of the relief available to him under the authority of *Martinez* and *Trevino*, that is, review of the merits by this Court, again assuming without deciding that the holdings of those cases apply to Ohio's post-conviction scheme.

**Conclusion**

This Court has reviewed the memoranda from the parties respecting Franklin's claim that the procedural default of his ineffective assistance of his trial counsel for not requesting a second competency hearing can be excused by his post-conviction counsel's deficient performance pursuant to *Martinez* and *Trevino*. The Court has also considered the oral arguments of the parties. Having found no procedural default of his ineffective assistance of trial counsel claim, however, there is no default to excuse, and consequently *Martinez* and *Trevino* have no applicability in Franklin's case. Even if his ineffective assistance of trial counsel claim had been procedurally defaulted, this Court, prior to *Pinholster*, considered all the evidence presented by Franklin on that claim in his petition for writ of habeas corpus and the evidentiary hearing he was granted, and found the claim meritless, so even if *Martinez* and *Trevino* did apply in this

case, the underlying claim of ineffective assistance of trial counsel would fail.

    Franklin's counseled Motion for Reconsideration is DENIED.


January 29, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
