# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,  :        Case No. 3:04-cv-187

- vs -

                                        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.  :

## DECISION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY

      This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability  (Doc. No. 205).  The Warden opposes the Motion (Response, Doc. No. 208), and Franklin has filed a Reply in Support (Doc. No. 209).

      Motions for certificates of appealability are "dispositive" and ordinarily require a Magistrate Judge to file a report and recommendations.  However, the parties unanimously consented to plenary magistrate judge jurisdiction in this case and it was referred under 28 U.S.C. § 636(c)(Doc. No. 26).

     A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding.  28 U.S.C. § 2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in § 2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under § 2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Id*. at 485, *citing Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Id.* at 484, *quoting Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

Petitioner Franklin has appealed through counsel from this Court's denial of his Motion for Relief from Judgment (Doc. No. 182) and denial of his Motion for Reconsideration of that decision (Doc. No. 202). That appeal has been assigned Sixth Circuit Case No. 15-3180. A certificate of appealability must be obtained before appealing from an order denying a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

Franklin has also filed a *pro se* Notice of Appeal (Doc. No. 207) which has been assigned Sixth Circuit Case No. 15-3236. This Order does **not** pertain to the *pro se* appeal. The Court has previously denied Franklin's *pro se* Motion for Certificate of Appealability on his *pro se* Motion for Relief from Judgment (See Doc. No. 204).

Franklin seeks a certificate of appealability on five issues:

3

1.	Whether the Ohio Second District Court of Appeals ruled on the merits of Franklin's post-conviction claim that his trial counsel were ineffective for failing to seek a mid-trial competency hearing.

2.	Whether this Court, in its initial ruling on Franklin's Petition, considered Franklin's claim that his trial counsel were ineffective for failing to seek a mid-trial competency hearing.

3.	Whether the Sixth Circuit on earlier appeal issued a merits ruling on this same post-conviction claim

4.	Whether the Sixth Circuit's finding that this post-conviction claim had been abandoned was a recognition of procedural default.

5.	Whether trial counsel had a duty to move for a second competency hearing when counsel had information concerning Franklin's competence that was not available to the trial court, and reasonable jurists could disagree on whether making the motion would have made a difference in Franklin's case.

(Motion, Doc. No. 205.)

The Warden responds very briefly that the Court's ultimate conclusion that Franklin was not entitled to relief from judgment is not debatable among reasonable jurists (Response, Doc. No. 208).

While the Court continues to believe its ultimate conclusion is correct, it cannot say the issues raised by Petitioner would not be debatable among reasonable jurists and therefore a certificate of appealability is GRANTED on the issues listed above raised by Petitioner.

The Court is aware that a certificate of appealability is not to be issued *pro forma* or as a matter of course. *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). Rather, the district and appellate courts must differentiate between those appeals

deserving attention and those which plainly do not. *Id*. at 1040. Indeed, a blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001). This is not a blanket certificate, even though a certificate is granted on all the issues Petitioner raises. Rather, there is only one claim – Petitioner's request for relief from judgment based on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013) – which was before this Court. The issues raised are all subordinate to that one claim.

April 17, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

5