# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,   :    Case No. 3:04-cv-187

  - vs -

                                             Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.   :

## ORDER TO PROVIDE OPINION

        This capital habeas corpus case is before the Court on Petitioner Antonio Franklin's Re-renewed Motion to Terminate Current Counsel's [sic] Service (ECF No. 250). In the Motion he seeks to have the Court terminate the appointment of Attorneys S. Adele Shank and James Fleisher.

        As a capital habeas petitioner, Franklin is entitled by statute (18 U.S.C. § 3599) to the appointment of two attorneys to represent him. He has been represented since the outset of this case by Ms. Shank and Mr. Fleisher (Order of March 18, 2004, ECF No. 6). Both of them are experienced capital defense counsel who have represented other death row inmates. The Court has not seen any deficiency in the performance of either of these attorneys during the sixteen years they have served as Franklin's counsel.

        This is Franklin's third motion to remove counsel in the last five months. The first two were denied by notation order because Franklin gave no reasons for discharging counsel. However, the Magistrate Judge has written extensively with respect to Franklin's prior attempts to change counsel (See, e.g., ECF No. 166). Each of those requests has been denied because Franklin

1

has not alleged any deficiency in performance by these two attorneys which the Court has been able to observe[1].

The Court has made it clear to Franklin that it will not replace Ms. Shank or Mr. Fleisher with other appointed counsel. In the instant Motion, Franklin indicates his understanding and acceptance of the Court's position:

> But, moreover, the Court has informed Franklin that he could indeed discharge his counsel (pursuant to 28 U.S.C. § 1654), although said "discharge[ing] will be for all purposes and Franklin's decision to proceed pro se will be permanent: the Court will not thereafter appoint substitute counsel under 18 U.S.C. § 3599." Mr. Franklin finds this arrangement to be agreeable, and is willing to forego both currently appointed counselors, as with any future appointment of counsel from this Honorable Court.

(Motion, ECF No. 250, PageID 12072.)

"In the federal courts, the right of self-representation has been protected by statute since the beginning of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of . . . counsel. The right is currently codified in 28 U.S.C. § 1654." *Faretta v. California,* 422 U.S. 806, 812-13 (1975). Insistence on the right to represent oneself necessarily waives the right to counsel. *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006); *Indiana v. Edwards*, 554 U.S. 164 (2008).

However, *Faretta* error is structural and cannot be harmless. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984). A person mentally competent to stand trial can still be less than competent enough under *Faretta* to represent himself. The right to self-representation is not

---

[1] Franklin believes the Magistrate Judge's opinion on whether his counsel have been "remiss" is "immaterial" (Motion, ECF No. 250, PageID 12071, n. 1.

2

absolute.  *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.,* 528 U.S. 152, 161 (2000).

Franklin's competence has been an issue in this case from the time that he was charged. Although every court to consider the issue, beginning with Common Pleas Judge James Gilvary, has found against Franklin on the competency issue, the Court appreciates that competency requirements vary with the stage of the litigation in question.  Franklin indicates the next steps he wishes to take in this litigation are an "independent action" to vacate judgment under Fed.R.Civ.P. 60(d) and/or a "petition for actual innocence."  Without commenting on the likelihood of success of either such approach, the Magistrate Judge notes that such filings are within the range of actions taken by *pro se* habeas corpus petitioners whose competency has not been questioned.

Accordingly, the Court will proceed to determine Franklin's competency to waive representation by counsel and to proceed *pro se*.  As a first step in that process, current counsel are directed to provide the Court with their opinion as to Franklin's competence to waive representation and, in consultation with trial counsel for the Warden, to recommend the steps the Court should take to make that determination.  Counsel should respond not later than May 20, 2020.

The Clerk shall furnish a copy of this Order by mail to Mr. Franklin at Chillicothe Correctional institution, P.O. Box 5500, Chillicothe, Ohio 45601.

May 6, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
