# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,   :               Case No. 3:04-cv-187

  - vs -

                                            Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.   :

## DECISION AND ORDER DENYING PETITIONER'S RE-RENEWED MOTION TO TERMINATE CURRENT COUNSEL

      This capital habeas corpus case is before the Court on Petitioner Antonio Franklin's *pro se* "Re-Renewed Motion to Terminate Current Counsel's Service" filed May 5, 2020, (ECF No. 250). Because Franklin's mental competency has been an issue in this case from its inception in the Common Pleas Court of Montgomery County, Ohio, the Court asked Petitioner's appointed counsel, S. Adele Shank and James Fleisher, for their opinion on Franklin's competency to represent himself in this case (ECF No. 251). They have responded (ECF No. 255) and the Court has conducted a hearing on the matter (Minutes, ECF No. 259).

      Because the Court concludes Petitioner is not mentally competent to conduct this litigation, his motion is DENIED.

1

**Litigation History and Status**

Antonio Franklin was indicted by the Montgomery County, Ohio, Grand Jury for murdering his grandmother, grandfather, and uncle and then burning the home where he had lived with them. A jury found him guilty and recommended imposition of a death sentence, despite his claims that he was not guilty by reason of insanity and mentally incompetent to stand trial. Because the crimes occurred after January 1, 1995, Franklin appealed directly to the Supreme Court of Ohio, which affirmed the conviction and death sentence. *State v. Franklin*, 97 Ohio St. 3d 1 (2002). On Franklin's behalf, the Ohio Public Defender moved this Court to appoint counsel on February 20, 2004 (ECF No. 2). The Court then appointed Ms. Shank as trial attorney and Mr. Fleisher as co-counsel on March 18, 2004 (ECF No. 6), and they have remained as counsel for the succeeding sixteen years. During that time, they have vigorously litigated this case on Franklin's behalf through an evidentiary hearing in this Court, appeal to the Sixth Circuit, and a number of post-judgment matters. In addition, they have represented Franklin in the consolidated 42 U.S.C. § 1983 method of execution challenge, *In re Ohio Lethal Injection Protocol Litig.,* Case No. 2:11-cv-1016.

The United States Court of Appeals for the Sixth Circuit affirmed this Court's denial of habeas corpus relief. *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2012), *cert. den. sub. nom. Franklin v. Robinson*, 569 U.S. 906 (2013). Franklin's efforts at filing a second habeas corpus petition in were rejected in 2016 (Case No. 3:12-cv-312, ECF No. 28), and he failed to file an appeal. He now has an execution date set for January 12, 2023.[1] By practice, the Ohio Governor's Office will not commence clemency proceedings until much closer to the scheduled execution

---

[1] https://www.drc.ohio.gov/execution-schedule (last accessed Aug. 4, 2020).

date.  Also, because counsel continue to question Franklin's competency to be executed, proceedings under *Ford v. Wainwright*, 477 U.S. 399 (1986), will need to be conducted much closer to the scheduled execution date.

**Franklin's Present Motion**

Franklin has repeatedly asked this Court to replace Ms. Shank and Mr. Fleisher, beginning June 5, 2009 (ECF Nos. 121, 152, 165) which the Court has repeatedly denied, finding no fault with counsel's representation.  Franklin's present Motion seeks to have the Court discharge Ms. Shank and Mr. Fleisher and permit him to proceed *pro se*.  As reasons to discharge present counsel, Franklin argues they have been ineffective (Motion, ECF No. 250, PageID 12071-72), but he gives no reasons why and asserts the Court's opinion to the contrary is immaterial.  *Id*. at PageID 12072.  He asserts he has two avenues available to attempt to gain relief:  an independent action under Fed.R.Civ.P. 60(d) and an actual innocence petition.  *Id*. at n.4.  He asserts current counsel will not file these actions and he wants to consult with independent attorneys about them, but other attorneys will not speak to him while he has appointed counsel.

Ms. Shank and Mr. Fleisher respond in several ways.  First, they note Franklin has a long history of diagnosed mental illness (Response, ECF No. 255, PageID 12092-94).  Second, they note that many of his *pro se* filings in this Court and in the state courts reflect "a clear inability to to understand or accept the requirements of the law."  *Id.* at PageID 12094 (citations omitted).  Through their personal observations of him over the many years of their representation, they have seen his unwillingness to accept or inability to understand legal concepts and suggest that many of his *pro se* filings reflect assistance from other persons. *Id.* at PageID 12096.  His illnesses manifest

themselves in delusions, in any ability to conform his behavior to ordinary social expectations, and in difficulties communicating.

Various social interests must be balanced in deciding the instant Motion.  The first of these is the social interest in fair administration of the criminal justice system.  That interest is reflected foremost in the constitutional requirement that indigent defendants be furnished with defense counsel at the State's expense.  *Powell v. Alabama*, 287 U.S. 45 (1932) (capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972) (misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002) (even if sentence is suspended).  That constitutional right is exhausted with a first appeal of right.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).  But "death is different" and Congress has provided authority for appointment of two qualified attorneys in habeas corpus to represent those sentenced to death.  18 U.S.C. § 3599.  Like many areas of the law, death penalty representation has become quite specialized.  The two attorneys appointed in this case, whatever Franklin may think of them, have become learned in this area of the law and have represented other death row inmates.  Because of the impact on American society as a whole of the death penalty, it is important that the interests of death row inmates be competently represented, particularly when the inmate may not be personally competent to evaluate the representation he is receiving.

Balanced against this social interest is the inmate's interest in personal autonomy.  That interest is reflected in the statutory right of persons to conduct their own cases in federal court.

> In the federal courts, the right of self-representation has been protected by statute since the beginning of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that "in all the courts of the United states, the parties may plead and manage their own causes

4

> personally or by the assistance of . . . counsel. The right is currently codified in 28 U.S.C. § 1654.

*Faretta v. California,* 422 U.S. 806, 812-13 (1975). *Faretta* recognized the constitutional dimensions of the right to represent oneself at trial; denial of self-representation at trial requires careful inquiry into a defendant's understanding of the counsel waiver involved and his or her willingness to abide by court rules. The right of self-representation is not absolute and may be denied where the defendant is not competent to represent himself or herself. *Indiana v. Edwards*, 554 U.S. 164 (2008). Here Franklin strongly asserts his right to self-representation, albeit not at trial.

The third interest which must be balanced in the public's interest in judicial economy. However important getting the right result is in a capital case, society does not have infinite resources to commit to that end.

> [A] defendant wishing to represent himself may not use the right for the purpose of disrupting the proceedings, and must be willing to follow courtroom procedure and protocol. *Faretta*, 422 U.S. at 834 n.46; *United States v. Lopez-Osuna*, 232 F.3d 657, 665 (9th Cir. 2000) (holding defendant's request to represent himself may be denied when he is unable or unwilling to adhere to rules of procedure and courtroom protocol); *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) (stating that "the *Faretta* right to self-representation is not absolute, and the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer"); *United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998) (finding that "when a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel").

*Ahmed v. Houk*, No. 2:07-cv-658, 2014 U.S. Dist. LEXIS 81971, *101-102 (S.D. Ohio Jun. 16, 2014) (Merz, Mag. J.), *appeal dismissed sub. nom. at Ahmed v. Shoop*, No. 18-3292, 2018 U.S. App. LEXIS 11015 (6th Cir Apr. 27, 2018).

In the present situation, we are not faced with possible disruption of courtroom

5

proceedings, but rather with the possibility of repetitive or meritless filings.  Even civil litigants who pay their own filing fees may eventually be completely barred from further filings because of the burden they impose on the system.  *See Sassower v. Mead Data Central*, *Cossett v. Federal Judiciary; In Re Phillip E. (Bo) Guess*, General Order No 95-3 (Eastern Div., 3/13/95); and *In re Sassower,* 510 U.S. 4 (1993).

To recognize these three interests and balance them as best it can in  this case, the Court hereby orders:

1. The motion to discharge Ms. Shank and Mr. Fleisher is DENIED.

2. If Mr. Franklin wishes to file a request for some additional relief in this Court (e.g. his proposed independent action under Fed.R.Civ.P. 60(d) or his actual innocence petition), he shall first request counsel to file it on his behalf.  If they decline to do so, he may by motion request the Court to allow him to file it *pro se*.  Any such request must have the proposed filing attached so that the Court can determine if it presents a colorable claim.

August 5, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
